UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HORACE M. WILLIAMS,

     Plaintiff,

vs.

WINFRED KOKOR M.D., *et al*,

     Defendants.

Case No. 1:15-cv-00861-RRB

**DISMISSAL ORDER**

Plaintiff Horace M. Williams, a state prisoner appearing *pro se* and *in forma pauperis*, filed a complaint under the Civil Rights Act, 28 U.S.C. § 1983.[1] Williams is currently incarcerated at the California Substance Abuse Treatment Facility ("SATF"), Corcoran, California. In addition to SATF Williams Complaint arises out of his incarceration at Pleasant Valley State Prison ("PVSP") and Salinas Valley State Prison ("SVSP").

## I.   SCREENING REQUIREMENT

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[2] This Court

---

[1]   In addition to Winfred Kokor, M.D., Williams names as defendants in his caption: James Jackson, M.D.; Goodwin Ugwueze, M.D.; C. Nyenke, M.D.; Rosenblatt, M.D.; Clement Ogbuehi, P.A.; L. Merritt, N.P.; Anthony Enenmoh; J. Cryer, C.M.O.; C. Arnold, R.N.; Whiting, R.N.; A. K. Ola, M.D.; D. Robbins, R.N.; Michael Sepulveda, C.M.O.; McElroy, L.V.N.; D. Bright, M.D.; Schaeffer, M.D.; Wong, M.D.; Shittu, M.D.; and Grenwal, L.V.N. Although not identified as defendants in the caption, Williams also identifies as "defendants" in the body of the Complaint: Jeffery Beard, John Doe I; Jane Doe 1; Gamboa; Danal; Dess; Powell; Merritt, N.P.; Arnold; Jackson; Schafenberg; and Whiting.

[2]   28 U.S.C. § 1915A(a).

must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."[3] Likewise, a prisoner must exhaust all administrative remedies as may be available,[4] irrespective of whether those administrative remedies provide for monetary relief.[5]

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[6] "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[7] Failure to state a claim under § 1915A incorporates the familiar standard applied in Federal Rule of Civil Procedure 12(b)(6), including the rule that complaints filed by *pro se* prisoners are to be liberally construed, affording the prisoner the benefit of any

---

[3]  28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c); *see Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

[4]  42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 93–95 (2006) ("proper exhaustion" under § 1997e(a) is mandatory and requires proper adherence to administrative procedural rules); *Booth v. Churner*, 532 U.S. 731, 741 (2001) (exhaustion of administrative remedies must be completed before filing suit).

[5]  *See Booth*, 532 U.S. at 734.

[6]  Fed. R. Civ. P. 8(a)(2).

[7]  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

DISMISSAL ORDER
*Williams v. Kokor*, 1:15-cv-00861-RRB – 2

doubt, and dismissal should be granted only where it appears beyond doubt that the plaintiff can plead no facts in support of his claim that would entitle him or her to relief.[8]

This requires the presentation of factual allegations sufficient to state a plausible claim for relief.[9] "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"[10] Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.[11] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[12]

In addition to its powers in screening complaints under 28 U.S.C. § 1915A(a), a trial court may dismiss a complaint for failure to state a claim *sua sponte* where it is obvious that the plaintiff cannot state a claim for relief.[13]

## II.   GRAVAMEN OF COMPLAINT

It appears from the Complaint that, at a result of prior surgery, Williams suffers from back problems at levels C5–C6 and is wheelchair bound. In his Complaint Williams' alleges

---

[8]  *Wilhelm v. Rotham*, 680 F.3d 1113, 1121 (9th Cir. 2012).

[9]  *Iqbal*, 556 U.S. at 678–69; *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting and applying *Iqbal* and *Twombly*).

[10]  *Iqbal* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

[11]  *Id.*

[12]  *Id.* (quoting *Twombly*, 550 U.S. at 555).

[13]  *See Sparling v. Hoffman Const. Co.*, 864 F.2d 635, 638 (9th Cir. 1988); *see generally* 5B Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, Adam N. Steinman Federal Prac. & Proc. Civ. § 1357 (3d ed.).

deliberate medical indifference and retaliation claims against the Defendants, starting in July 2008 while incarcerated at North Kern State Prison ("NKSP"). Between June 2009 and May 2015 Williams was incarcerated at various times at KVSP SVSP, and SATF.

## III.   DISCUSSION

Williams Complaint is dated June 1, 2015.  The first problem encountered is the limitations period.  "For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law."[14] The applicable limitations period under California law is four years.[15] A prisoner seeking equitable tolling bears the burden of establishing two elements: (1) "that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" that prevented timely filing.[16]

Williams' claims against Jeffrey Beard, John Doe 1, Jane Doe I, Wong, M.D., Schaeffer, M.D., Grenwal, L.V.N., Shittu, M.D., Gamboa, McElroy, L.V.N., Dess, and Danal all arose prior to July 1, 2011, more than four years prior to the date of Williams' Complaint. Thus, unless equitably tolled, the claims against those Defendants are barred by the applicable limitations period and must be dismissed. Although it is unlikely that

---

[14] *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).

[15] *See* Cal. Civ. Proc. Code §§ 335.1, 352.1(a) (providing a two-year statute of limitations for personal injury claims, which may be tolled for an additional two years for prisoners).

[16] *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Gibbs v. Legrand*, 767 F.3d 879, 884–85 (9th Cir. 2014).

Williams can truthfully plead the elements of equitable tolling, dismissal of those Defendants will be with leave to amend.  In amending Williams must affirmatively plead facts that, if proven, entitle him to equitable tolling.

To the extent Williams sues the Defendants in their official capacities it fails. The Supreme Court has held that "states or governmental entities that are considered 'arms of the State' for Eleventh Amendment" are not "persons" under § 1983.[17]  The Supreme Court also clarified that "a suit against a state official in his or her official capacity . . . . is no different from a suit against the state itself."[18] Thus a suit against a state official may only be asserted against the official in his individual capacity.  Thus, to the extent a plaintiff seeks monetary damages from an official acting in his or her official capacity the claim must be dismissed.

It also appears that at least some of the Defendants are being sued solely in their supervisory capacities.[19] Section 1983, standing alone, does not support vicarious liability—a plaintiff must demonstrate that each defendant personally participated in the

---

[17] *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 70 (1989).

[18] *Id.* at 71; *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding that an official capacity claim is simply "'another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. Dep't of Soc. Svcs. of N.Y. City*, 436 U.S. 658, 690 n.55 (1978)); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974) (stating that "when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its [Eleventh Amendment] sovereign immunity from suit even though individual defendants are nominal defendants").

[19] *E.g.*, Enenmoh, Cryer, Sepulverda, and Ugwueeze.

deprivation of his or her rights.[20] On the other hand, however "[i]f state law imposes liability upon a public official for the acts of his subordinates, vicarious liability can be imposed on him under section 1983."[21]

To impose liability on a supervisor, the supervisor's wrongful conduct must be sufficiently causally connected to the constitutional violation.[22] That is, the official must "implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation."[23]

> A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains]." *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir.1978) (*Johnson*) (emphasis added). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. [Citations omitted.][24]

---

[20] *Iqbal*, 556 U.S. at 677; *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1069 (9th Cir. 2012); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002); *see Monell v. Dep't of Soc. Svcs. of N. Y. City*, 436 U.S. 658, 691–95 (1978) (rejecting the concept of *respondeat superior* in the context of § 1983, instead requiring individual liability for the violation); *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." (Citations omitted)).

[21] *Johnson v. Duffy*, 588 F.3d 740, 744 (9th Cir. 1978).

[22] *See Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (*abrogated in part on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1994)).

[23] *Id.* (internal quotation marks and citations omitted).

[24] *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoted with approval in *Tennison v. City and County of San Francisco*., 570 F.3d 1078, 1096 (9th Cir. 2009)).

As presently constituted, Williams' claims against Enenmoh, Cryer, Sepulveda, and Ugwueeze fall short of meeting the requirements for supervisor liability. While it is unlikely that Williams can truthfully plead facts that would support a plausible claim for supervisor liability, the Court will nonetheless grant Williams leave to amend.

The elements of a conspiracy are twofold: (1) an agreement or meeting of the minds to violate constitutional rights; and (2) an actual deprivation of those rights.[25] Williams' vague and conclusory allegations of a conspiracy are patently insufficient.[26]

The Supreme Court, holding that the infliction of unnecessary suffering on prisoners violated the Eighth Amendment, stated:

> [D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.[27]

In *Estelle* the Supreme Court distinguished "deliberate indifference to serious medical needs of prisoners," from "negligen[ce] in diagnosing or treating a medical condition,"

---

[25] *See Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010); *Hart v. Parks*, 450 F.3d 1059, 1069 (9th Cir. 2006) (quoting *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002)).

[26] *See Simmons v. Sacramento Cty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (holding that conclusory allegations are insufficient to state a claim of conspiracy); *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982) (same)

[27] *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976) (footnotes, internal quotation marks and citations omitted).

holding that only the former violates the Constitution.[28]   In short, Eighth Amendment liability requires "more than ordinary lack of due care for the prisoner's interests or safety."[29]

In determining deliberate indifference, the court scrutinizes the particular facts and looks for substantial indifference in the individual case, indicating more than mere negligence or isolated occurrences of neglect.[30] The Ninth Circuit has spoken to the subject of the appropriate test under *Estelle*:

> In the Ninth Circuit, the test for deliberate indifference consists of two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong—defendant's response to the need was deliberately indifferent—is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care. Yet, an inadvertent [or negligent] failure to provide adequate medical care alone does not state a claim under § 1983. A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs. If the harm is an isolated exception to the defendant's overall treatment of the prisoner [it] ordinarily militates against a finding of deliberate indifference.[31]

A defendant must purposely ignore or fail to respond to a prisoner's pain or medical need in order for deliberate indifference to be established.  Where the claim is based upon

---

[28]  *Id.* at 106.

[29]  *Whitley v. Albers,* 475 U.S. 312, 319 (1986).

[30]  *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

[31]  *Jett v. Penner*, 429 F.3d 1091, 1096 (9th Cir. 2006) (internal quotation marks and citations omitted).

delay in providing a specified treatment, a prisoner has no claim for deliberate medical indifference unless the delay was harmful.[32]

The problem with Williams' Complaint as presently constituted is that it names practically every medical professional with whom Williams came into contact or was otherwise somehow involved in providing heath care. "Scattergun" complaints are viewed with displeasure. As to several Defendants, the allegations do not come close to meeting the high threshold required for a deliberate indifference claim.[33] As to others, Williams' allegations show nothing more than either his disagreement with the course of treatment or a difference of opinion among medical professionals as to the appropriate course of treatment.[34] As noted above, neither is sufficient to warrant granting relief. While it may be unlikely that Williams can truthfully plead a viable deliberate indifference claim against several, if any, of the Defendants, the Court cannot hold at this stage of the proceeding that he cannot. Consequently, Williams will be granted leave to file an Amended Complaint.

To the extent that Williams alleges that a Defendant acted in retaliation for the filing of internal grievances the allegations are not only made in mere conclusory terms, but are based upon nothing more than supposition and conjecture. The Ninth Circuit has defined the parameters of a retaliation claim:

---

[32]  *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

[33]  *E.g.*, Powell, Merritt, Arnold, Rosenblatt, Schafenberg, and Whiting.

[34]  *E.g.*, Ogbuehi, Kokor, Jackson, Ola, and Dobbins.

Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.[35]

The Ninth Circuit has "also noted that a plaintiff who fails to allege a chilling effect may still state a claim if he has suffered some harm."[36] A prisoner must show some causal connection between the action taken by the state actor and the prisoner's protected conduct. That is, "[t]o prevail on a retaliation claim, a plaintiff must show that his protected conduct was the substantial or motivating factor behind the defendant's conduct."[37]  In this case the allegations of the Complaint clearly show that the acts of the Defendants had no "chilling effect" on Williams exercise of his First Amendment right of seeking redress. Thus, Williams has not pleaded a viable retaliation claim.

## IV.    ORDER

The Complaint on file herein is hereby **DISMISSED** in its entirety.

Williams is granted through and including **Friday November 13, 2015**, within which to file an Amended Complaint consistent with this Order. In amending his complaint, Williams must:

---

[35]  *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote and citations omitted).

[36]  *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (citing *Rhodes*, 408 F.3d at 568 n. 11).

[37]  *Id.* at 1271 (internal quotation marks and citation omitted).

1.      Adhere to the Federal Rules of Civil Procedure regarding pleadings, in particular, Rule 8(a), which provides—

(a) CLAIM FOR RELIEF. A pleading that states a claim for relief must contain:
    (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
    (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
    (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

2.      Use and follow the instructions for completing the form provided by the Clerk of the Court.

3.      Plead, without legal argument or citation to authority, the facts entitling him to relief with respect to each claim: (1) the identity of the person doing the act; (2) description of the act and the date it occurred; (3) the harm/injury suffered as a result; and (4) the specific relief requested, e.g., amount of monetary damages.

4.      Sequentially number paragraphs and attach copies of all documents referred to in the body of the complaint to the extent that copies of such documents are within his possession, custody, or control.

5.      If the act occurred prior to June 1, 2011, set forth specific facts that support the tolling of the limitations period.

6.      With respect to each claim affirmatively plead that he has exhausted his available administrative remedies or was prevented by circumstances beyond his control from exhausting his administrative remedies and, to the extent they are in his possession,

custody, or control, attach to the Amended Complaint copies of all documents evidencing such exhaustion.

**In the event Plaintiff fails to file an amended complaint consistent with this Order within the time specified, or such later time as the Court may order, a judgment of dismissal may be entered without further notice.**

**IT IS SO ORDERED** this 24th day of September, 2015.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE